UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GLENN WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SIEGEL-ROBERT, INC. d/b/a ) | |
| SIEGEL-ROBERT AUTOMOTIVE ) | |
| PORTAGEVILLE, ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | Case No. 1:10-CV-56 SNLJ |
| ) | |
| vs. ) | |
| ) | |
| LYNNCO SUPPLY CHAIN ) | |
| SOLUTIONS, INC, ) | |
| ) | |
| and ) | |
| ) | |
| R&M TRUCKING, LLC, ) | |
| ) | |
| Third Party Defendants ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on third-party defendant R&M Trucking, LLC's Motion to Dismiss Third Party Complaint (#20), filed December 20, 2010.

As a preliminary matter, the Court notes an irregularity in the briefing sequence. This motion has eight memoranda associated with it: the memorandum in support (#21), the response (#22), a reply (#31), an amended reply (#33), a surreply (#35), an amended surreply (#38), another memorandum in support with a motion to dismiss attached (#40, #42), and another response (#41) filed January 11, 2011. The Court can only assume that the parties are finished briefing this matter. However, the third party defendant, R&M Trucking, LLC ("R&M"), did not withdraw its December 20 motion to dismiss, nor did it seek leave to file what is apparently an amended

motion and memorandum in support. Nor did R&M explain its filing of an additional memorandum in support (#40) nearly three weeks after filing its original memorandum in support. The new memorandum and motion — Docket Number 40 — appears to abandon one of R&M's two arguments for dismissal. The Court will therefore proceed on the merits of R&M's motion as briefed by its second motion and memorandum in support (#40).

**I.      Background**

The plaintiff in this case, Glenn Wilson, filed a complaint against defendant Siegel-Robert, Inc., d/b/a Siegel-Robert Automotive Portageville ("SRG"), on March 11, 2010, in the Circuit Court of New Madrid County. Plaintiff alleges that he fell on an icy part of SRG's premises on January 29, 2009, and that he sustained serious and permanent injuries to his hip, leg, knee, and elsewhere on his body.

Defendant SRG removed the case to this Court pursuant to 28 U.S.C. § 1332 and subsequently filed a third party complaint against LynnCo Supply Chain Solutions, Inc. ("LynnCo") and R&M pursuant to 28 U.S.C. § 1367. SRG alleges that its contract with LynnCo required LynnCo to provide shipping services for SRG's automotive parts business ("LynnCo Agreement"), and that LynnCo contracted with R&M to provide shipping services for the SRG facility at issue in this case ("Broker Agreement"). SRG further alleges that the plaintiff is an employee of R&M, and that plaintiff was on SRG's premises on the day of his accident to take a load of auto parts to Tennessee. In its third-party complaint, SRG seeks indemnity from R&M by way of the LynnCo Agreement and the Broker Agreement; alternatively, SRG seeks to enforce the Broker Agreement against R&M as a third party beneficiary. R&M moved to dismiss the third party complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard for Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting

3

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

## II.     Discussion

Third party defendant R& M argues (1) there is no contract to indemnify between SRG and R&M; (2) the contracts alleged by SRG do not indemnify against SRG's own negligence; and (3) because Missouri does not recognize a duty of a premises owner to clear a natural accumulation of ice, R&M can not be held liable.

R&M is of course correct that the two contracts at issue in this case are between SRG and LynnCo on the one hand (the "LynnCo Agreement"), and LynnCo and R&M (the "Broker Agreement") on the other. R&M contends that there is therefore no contract for indemnity between SRG and R&M. SRG counters that it has standing to enforce the provisions of the Broker Agreement as a third-party beneficiary.

Missouri law defines a third party beneficiary as

> one who is not privy to a contract or its consideration but who may nonetheless maintain a cause of action for breach of the contract. Only those third parties for whose primary benefit the parties contract may maintain an action. It is not necessary for the parties to the contract to have as their "primary object" the goal of benefiting the third parties, but only that the third parties be primary beneficiaries.

*L.A.C. ex rel. D.C. v. Ward Parkway Shopping Center Co.*, L.P., 75 S.W.3d 247, 260 (Mo. 2002) (internal quotations and citations omitted). The third party beneficiary does not need to be named in the contract, but "the terms of the contract must express directly and clearly an intent to benefit an identifiable person or class." *Id.*

The terms of the Broker Agreement state that R&M "shall defend, indemnify and hold [LynnCo] *and its shipper customer* harmless from any claims, actions or damages arising out of its performance under the terms of this Agreement, including...personal injury." (Emphasis added.) LynnCo and R&M entered into this agreement for R&M to provide shipping services for SRG's Portageville facility. Taking the facts stated in the complaint as true, then, the Broker Agreement's terms are clear: the "shipper customer" indemnified in the Broker Agreement is SRG (or includes a class of beneficiaries including SRG), and SRG is therefore a third party beneficiary of the contract. Although R&M argues that the Broker Agreement provides for indemnification of only LynnCo, the terms of the contract state otherwise.

R&M also argues that the indemnification does not apply in the case of SRG's own negligence based on this contract term: "Neither Party shall be liable to the other for any claims, actions or damages due to the negligence of the other Party, or the shipper." That contract term limits liability between R&M and LynnCo (the parties to the agreement) for the negligence of R&M, LynnCo, or SRG (the shipper). Thus, while R&M and LynnCo are not liable to each other for SRG's negligence, R&M and LynnCo may still be liable to a third party for negligence claims. Moreover, SRG denies that negligence exists in this case. Again, taking the complaint as true, SRG has stated a claim against R&M.

Finally, R&M argues that the plaintiff's complaint is based on his injury from the natural accumulation of ice, and that Missouri does not recognize a duty of a premises owner to clear a natural accumulation of ice. *See Richey v. DP Properties, LP*, 252 S.W.3d 249, 251 (Mo. Ct. App. 2008). Therefore, R&M states, it also had no such duty to clear a natural accumulation of ice. SRG — the premises owner in this case — has already asserted this defense, which is subject to certain exceptions, and it has no bearing on this Motion to Dismiss.

5

Accordingly,

**IT IS HEREBY ORDERED** that third party defendant R&M's Motion to Dismiss (#20, #42), filed December 20, 2010 and January 2, 2011, is **DENIED**.

Dated this __4th__ day of April, 2011.

                                                                            _____
                                                                            UNITED STATES DISTRICT JUDGE