UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GLENN WILSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SIEGEL-ROBERT, INC. d/b/a ) | |
| SIEGEL-ROBERT AUTOMOTIVE ) | |
| PORTAGEVILLE, ) | |
| ) | |
|     Defendant/Third Party Plaintiff, ) | Case No. 1:10-CV-56 SNLJ |
| ) | |
| vs. ) | |
| ) | |
| LYNNCO SUPPLY CHAIN ) | |
| SOLUTIONS, INC, ) | |
| ) | |
|     and ) | |
| ) | |
| R&M TRUCKING, LLC, ) | |
| ) | |
|     Third Party Defendants ) | |

## MEMORANDUM

This matter is before the Court on defendant Siegel-Robert, Inc. d/b/a SRG Global Portageville's[1] motion for summary judgment (#55), filed June 24, 2011. The plaintiff has not responded, and the time for doing so has passed.

**I.    Case Summary**

The plaintiff in this case, Glenn Wilson, filed a complaint against defendant Siegel-Robert, Inc., d/b/a SRG Global Portageville ("SRG"), on March 11, 2010, in the Circuit Court of New

---

[1] Defendant was sued as "d/b/a Siegel-Robert Automotive Portageville," but that name has been inactive since December 22, 2009. Siegel-Robert, Inc. is currently doing business in Portageville as SRG Global Portageville, a fictitious name on file with the Missouri Secretary of State since December 22, 2009.

Madrid County.  Plaintiff alleges that he fell on an icy part of SRG's premises on January 29, 2009, and that he sustained serious and permanent injuries to his hip, leg, knee, and elsewhere on his body.

Defendant SRG removed the case to this Court pursuant to 28 U.S.C. § 1332 and subsequently filed a third party complaint against LynnCo Supply Chain Solutions, Inc. ("LynnCo") and R&M Trucking, LLC ("R&M") pursuant to 28 U.S.C. § 1367, alleging that those entities owed SRG indemnification for plaintiff's claims.

Plaintiff's complaint contains two counts: Count I alleges a premises liability claim against SRG, and Count II alleges that SRG was generally negligent in that SRG continued to operate its business in the face of the dangerous conditions on the day in question.  Defendant SRG seeks summary judgment on both counts.  The following facts are undisputed, as plaintiff has not responded in any way to defendant's motion for summary judgment.

On January 28, 2009, a historic ice storm had covered much of Missouri with an inch of ice or more.  Electricity was out to much of the state, and the traveling conditions were treacherous.  Plaintiff, a truck driver for R&M Trucking, had spent the previous night in his truck and set out that morning to make a delivery at the SRG facility in Portageville, Missouri.  While on SRG's parking lot, plaintiff slipped on the ice and fell, injuring himself.  Plaintiff testified that he knew the entire area was covered in ice, that he was walking on ice, and that he tried to walk very carefully while on the ice.  The SRG facility was closed for the day — as were many businesses in Missouri — on account of the ice storm, although some parts of the SRG premises (the loading dock) had been treated with salt.  The parking lot — where plaintiff was conducting his business and where he fell — was not treated with salt, and an SRG employee testified that the parking lot was never treated for ice because it was too large an area to treat.

## II.     Legal Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party.

*Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).  With these principles in mind, the Court turns to the discussion.

### III.   Discussion

Defendant SRG seeks summary judgment on both of plaintiff's claims.

####   A.   Count I: Premises Liability

Plaintiff alleges that SRG was negligent by failing to correct the icy conditions on its premises or to warn plaintiff of its dangers, and that plaintiff was injured as a result of such negligence.

Under Missouri premises liability law, the duty owed by the land owner to the person entering the land "is determined by the relationship between the property owner and the entrant." *City of Kansas City v. New York-Kansas Bldg. Assocs.*, *L.P.*, 96 S.W.3d 846, 860 (Mo. Ct. App. 2002).  In a business scenario such as this, the landowner has a duty to use reasonable and ordinary care to prevent injuries to a business invitee on the landowner's property.  *Gillespie v. St. Joseph Light & Power Co.*, 937 S.W.2d 373, 375 (Mo. Ct. App. 1996). To be entitled to relief on a premises liability claim, a plaintiff must show: (1) a dangerous condition existed on defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) defendant failed to use ordinary care in removing or warning of the danger; and (4) plaintiff sustained injuries as a result of such condition. *Steward v. Baywood Villages Condominium Association*, 134 S.W.3d 679, 682 (Mo. Ct. App. 2004).

In Missouri, an owner or occupier of private property generally has no duty to remove snow or ice that has accumulated naturally on outside areas as a result of general conditions within the community. *Otterman v. Harold's Supermarkets, Inc.*, 65 S.W.3d 553, 555 (Mo. Ct.

App. 2001). Missouri Courts generally apply this rule because a general condition of ice or snow creates a natural hazard to everyone who ventures out. *See Willis v. Springfield General Osteopathic Hospital*, 804 S.W.2d 416, 419 (Mo. Ct. App. 1991). "To hold that a duty exists to make a parking lot safe as precipitation falls from the sky would be to create a duty which would be virtually impossible to perform." *Milford v. May Dept. Stores*, 761 S.W.2d 231, 232-33 (Mo. Ct. App. 1988). The existence of a snow removal policy alone does not create a duty. *See Gorman v. Wal-Mart Stores, Inc.*, 19 S.W.3d 725, 732 (Mo. Ct. App. 2000).

However, a landowner may generally be held liable for injuries occurring on its premises when it artificially creates, through negligence or affirmative action, a condition that makes passage unsafe. *See Stein v. Mansion House Center*, 647 S.W.2d 918, 919 (Mo. Ct. App. 1983). Generally, when a parking lot or other specific area where a plaintiff falls has not been altered or treated in any manner, no duty exists. *See Paikowsky v. Davidson Hotel Company, LLC*, No. 4:8-cv-783-TIA, 2010 WL2628379 at *4 (E.D. Mo. June 25, 2010). Moreover, even if there were a duty, causation of plaintiff's injuries cannot be established when a landowner does nothing to alter the condition of the area in which a plaintiff falls, as a plaintiff cannot then show that "but for" the landowner's conduct, the plaintiff would not have fallen. *Milford*, 761 S.W.2d at 232.

In this case, the undisputed facts reveal that a general condition of ice existed in the community, and that SRG did nothing to alter the condition of the area in which plaintiff fell. Plaintiff testified in his deposition that there was significant ice accumulation on everything in the area, the roads in the area were covered in ice, and that SRG had made "no effort to protect...to get the ice off or nothing." SRG employees' testimony supports that no effort to clear or apply salt to the parking lot — where plaintiff fell — had been made. Therefore, SRG argues it owed no duty to keep plaintiff safe from the natural accumulation of snow and ice. Moreover,

even were a duty to exist, because SRG had done nothing to alter the condition of the parking lot area in which Plaintiff fell, Plaintiff cannot establish that SRG's conduct was the proximate cause of his injuries.

Plaintiff, who again has not responded to defendant SRG's motion, has not argued or submitted evidence suggesting that SRG's motion should not be granted. The undisputed facts show that SRG had not made any effort to clear the natural, community-wide accumulation of snow and ice on its parking lot, and, as such, SRG owed no duty to plaintiff. As a result, summary judgment will be granted to defendant SRG on Count I.

### B. Count II: Negligent Operation of Business

Plaintiff's Count II for negligent operation of business also fails. Plaintiff alleges that SRG owed plaintiff a duty to "own, operate, and conduct its business in a reasonably safe manner." Plaintiff thus appears to rely on a general negligence theory, and as such plaintiff must show the existence of a duty, a breach of that duty, and damages caused by that breach. *Hoffman v. Union Electric Co.*, 176 S.W.3d 706, 708 (Mo. 2005) (en banc). To the extent plaintiff contends that SRG's negligent operation or conduct was in failing to clear the ice from the parking lot, that claim fails: plaintiff cannot show that plaintiff was owed a duty or that it was breached because, as discussed above, SRG owed plaintiff no duty to clear the natural accumulation of snow and ice, and SRG had not attempted to clear or otherwise treat the parking lot where plaintiff fell so as to create a duty.

Plaintiff also alleges that SRG breached its duty by "continuing to operate its business, despite the dangerous accumulation of ice, and requiring employees, contractors, and other individuals under the control [SRG] to remain and continue working on the premises." The undisputed facts are, however, that the SRG plant was closed on that day, no one from SRG

6

could compel plaintiff to come to SRG's facilities, and plaintiff himself ultimately made the decision to come to SRG on that day. Plaintiff does not make any effort to contend otherwise. Thus, plaintiff's claim fails, and summary judgment will be granted to defendant SRG.

## IV. Conclusion

In sum, defendant SRG has met its burden of showing that "there is no genuine issue as to material fact" and that it is "entitled to judgment as a matter of law." *Poller*, 368 U.S. at 467. The burden thus shifted to plaintiff, who was required to set forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex Corp.*, 477 U.S. at 324. Here, plaintiff did not contest any of the facts set forth by defendant SRG, nor did plaintiff even argue that SRG was not entitled to summary judgment. Moreover, plaintiff's own testimony establishes that no duty was owed to plaintiff by defendant SRG, and that SRG is entitled to summary judgment as a matter of law.

Dated this  13th  day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE