UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GLENN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SIEGEL-ROBERT, INC. d/b/a | ) | |
| SIEGEL-ROBERT AUTOMOTIVE | ) | |
| PORTAGEVILLE, | ) | |
| | ) | |
| Defendant/Third Party Plaintiff, | ) | Case No. 1:10-CV-56 SNLJ |
| | ) | |
| vs. | ) | |
| | ) | |
| LYNNCO SUPPLY CHAIN | ) | |
| SOLUTIONS, INC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| R&M TRUCKING, LLC, | ) | |
| | ) | |
| Third Party Defendants | ) | |

## MEMORANDUM

On October 13, 2011, this Court granted summary judgment to the defendant, Siegel-Robert, Inc., d/b/a SRG Global Portageville ("SRG"), and against the plaintiff on all plaintiff's claims (#77, 78). Later that same day, SRG filed its Notice of Settlement and Motion for Extension of Time and for Continuance of Trial Date (#79), advising that SRG had settled plaintiff's claims against SRG and requesting, among other things, that the Court vacate its order granting summary judgment to SRG. SRG also filed a Motion for Leave to File Second Amended Third-Party Complaint (#80), seeking to add the details of the settlement to its claims for

indemnification from the third-party defendants.[1] The third-party defendants filed memoranda in opposition to the Motions, and SRG has replied. Plaintiff Glenn Wilson has also filed a "Memorandum in Support of Notice of Settlement of Primary Claim," and Third-Party Defendant LynnCo Supply Chain Solution, Inc. has responded (#92, #93). At the same time, pending before the Court are third-party defendant LynnCo Supply Chain Solution, Inc.'s motion for summary judgment (#62), filed July 20, 2011, and third-party defendant R&M Trucking, LLC's motion for summary judgment (#71), filed August 30, 2011. Third-party plaintiff SRG[2] has filed responses in opposition. All four matters are now ripe for disposition.

## I. Case Summary

The plaintiff in this case, Glenn Wilson, filed a complaint against defendant SRG on March 11, 2010, in the Circuit Court of New Madrid County. Plaintiff alleges that he fell on an icy part of SRG's premises on January 29, 2009, and that he sustained serious and permanent injuries to his hip, leg, knee, and elsewhere on his body.

Defendant and third-party plaintiff SRG removed the case to this Court pursuant to 28 U.S.C. § 1332 and subsequently filed a third-party complaint against LynnCo Supply Chain Solutions, Inc. ("LynnCo") and R&M Trucking, LLC ("R&M") pursuant to 28 U.S.C. § 1367, alleging that those entities owed SRG indemnification for plaintiff's claims.

---

[1] Curiously, although SRG filed the proposed Amended Third Party Complaint as an exhibit to its motion, SRG also filed its "Second Amended Third Party Complaint" as Document Number 81.

[2] Defendant was sued as "d/b/a Siegel-Robert Automotive Portageville," but that name has been inactive since December 22, 2009. Siegel-Robert, Inc. is currently doing business in Portageville as SRG Global Portageville, a fictitious name on file with the Missouri Secretary of State since December 22, 2009.

The Court granted summary judgment to SRG on both of plaintiff's two counts on October 13, 2011 (#77, 78); however, SRG's third-party complaint still survives, as SRG seeks attorney's fees and other costs incurred as a result of defending itself in this action.

Two contracts are at issue in SRG's third-party complaint. First, SRG alleges that LynnCo was contractually obligated to provide shipping services for SRG's automotive parts business under the so-called "LynnCo Agreement." The LynnCo Agreement states that LynnCo

> shall defend, hold harmless and indemnify [SRG], [SRG]'s officers, directors, shareholders, and employees, against any claims, demands, damages, including litigation costs and reasonable attorney's fees ("Claim(s)") that are threatened by or awarded to any party arising out of death or injury as a result of the intentional or negligent acts or omissions of [LynnCo], or its employees under the Agreement.

Second, LynnCo in turn contracted with R&M to provide shipping services for the SRG facility at issue in this case under the so-called "Broker Agreement." The "Broker Agreement" provided that R&M

> shall defend, indemnify and hold [LynnCo] and its shipper customer [SRG] harmless from any claims, actions or damages arising out of its performance under the terms of this Agreement, including cargo loss and damage, theft, delay, damage to property and personal injury or death...

Plaintiff Wilson was an employee of R&M, and he was on SRG's premises on the day of his accident to take a load of auto parts to Tennessee. SRG tendered the lawsuit filed by Wilson to R&M and then, when R&M denied indemnification, to LynnCo, which also denied indemnification. SRG seeks a judgment from this Court that R&M and LynnCo are in breach of the agreements and are responsible for SRG's damages, which include any monies paid to the plaintiff in addition to other costs and attorneys' fees incurred in the defense of the litigation.

SRG also seeks to amend its complaint to reflect that SRG purportedly entered into a binding settlement with the plaintiff on September 30, 2011 for $155,000.00. SRG also quantifies

its costs and attorneys' fees in this matter at $41.594.33, which includes attorneys' fees amounting to $31,285.00.

## II.     Motions to Vacate and Amend Complaint

The Court will first address SRG's request that the Court vacate its summary judgment order in SRG's favor. Both third-party defendants point out that the request, which was made in SRG's Notice of Settlement, failed to cite to any rule or case that would authorize vacatur of the order. Federal Rule of Civil Procedure 60(b) sets forth the grounds for relief from a final judgment, order, or proceeding. That rule states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable negligent;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In its Reply memoranda, SRG states that Rule 60(b)(5) or (6) should apply to its request. The Court disagrees that Rule 60(b)(5) applies to SRG. The judgment in question is a judgment *for* SRG, and it has not been "satisfied, released, or discharged." It is also counterintuitive to suggest that SRG could seek relief from an order in its favor.

The Court further disagrees that "any other reason...justifies relief" under these circumstances pursuant to Rule 60(b)(6). SRG suggests that because "summary judgment was entered on the exact same day that Plaintiff and Defendant SRG had set to file their notice of settlement of claim with the Court," such timing justifies relief. SRG states that its "binding"

4

settlement with plaintiff was final on September 30, which was one week after briefing was completed on all three summary judgment motions that were then-pending in this case, and nearly two weeks before the Court ruled on SRG's Motion for Summary Judgment, which had by then been pending — with no response from plaintiff — for more than three months. Notably, the parties participated in Alternative Dispute Resolution and notified the Court that they failed to achieve a settlement on August 5, 2011 (#66). Plaintiff or SRG could have notified the Court that settlement negotiations were in fact underway, and SRG could have either withdrawn its Motion for Summary Judgment or asked that the Court hold it in abeyance pending settlement discussions. Attempting to explain its delay in notifying the Court of the September 30 settlement, SRG states that it and the plaintiff were waiting on Medicare to approve the settlement. The Court still cannot fathom any reason why the plaintiff and/or SRG would not notify the Court of the settlement as of September 30, whether or not they were waiting on a non-party to approve the settlement, particularly in light of SRG's pending, unopposed summary judgment motion.

Most important to the Court's consideration, however, is that vacatur of the summary judgment in favor of SRG would severely prejudice the third-party defendants, both of whom are alleged to be liable to defend SRG against the plaintiff's negligence claims. The Court determined — based on SRG's submissions to which plaintiff failed to respond — that SRG *was not negligent*, yet SRG wishes to now hold LynnCo and R&M responsible for paying the $155,000 award to plaintiff. Vacating that judgment prejudices third parties LynnCo and R&M, and the Court declines to do so.

As a result, the Court denies SRG's Motion for Leave to file Second Amended Third-Party Complaint, which is premised entirely on SRG's request that the Court vacate its order granting summary judgment to SRG.

## III. Summary Judgment Motions

Next the Court turns to the still-pending summary judgment motions filed by LynnCo and R&M.

### A. Legal Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in

its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

A district court sitting in diversity applies the law of the state in which it sits. *Prudential Ins. Co. of America v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007). However, both contracts at the heart of SRG's third-party complaint state that Oklahoma law governs the agreements. Although R&M suggests that Missouri's "most significant relationship" test should apply (with the result being that Missouri law governs), under Missouri law, a choice-of-law clause in a contract generally is enforceable unless application of the agreed-to law is "contrary to a fundamental policy of Missouri." *Cicle v. Chase Bank USA*, 583 F.3d 549, 553 (8th Cir. 2009). There is no suggestion here that application of Oklahoma law would be contrary to Missouri policy, and thus the Court will apply Oklahoma law to questions of contract interpretation.

With these principles in mind, the Court turns to the discussion.

B.   **LynnCo's Motion for Summary Judgment**

Neither LynnCo nor SRG articulate the elements of SRG's breach of contract claim.[3] Generally speaking, "an indemnity agreement is a valid agreement in Oklahoma." *Fretwell v. Protection Alarm Co.*, 764 P.2d 149, 152 (Okla. 1988). To recover on breach of contract in

---

[3]LynnCo mentions that the "fourth element of a claim for breach of contractual indemnity" is a "breach on the obligation of indemnity," but LynnCo does not cite to any case or list the other factors elsewhere in its motion or memoranda.

Oklahoma, the plaintiff must prove "(1) formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach." *Digital Design Group, Inc. v. Information Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001).

SRG alleges that LynnCo has a contractual duty to defend and indemnify SRG against plaintiff Wilson's claims. SRG's contract with LynnCo states that LynnCo

> shall defend, hold harmless and indemnify [SRG], [SRG's] officers, directors, shareholders, and employees, against any claims, demands, damages, including litigation costs and reasonable attorney's fees ("Claim(s)") that are threatened by or awarded to any party arising out of death or injury as a result of the intentional or negligent acts or omissions of [LynnCo], or its employees under the Agreement.

LynnCo denies that the contractual indemnification provision applies (thus there could have been no breach) because, LynnCo argues, plaintiff Wilson's injuries were not the result of LynnCo's "intentional or negligent acts or omissions." LynnCo states that because it had no right to exercise control over the premises where plaintiff fell, it could not have been negligent.

SRG counters that although LynnCo did not control SRG's premises, LynnCo — as the broker for plaintiff Wilson's employer R&M Trucking — *did* control plaintiff's very presence at SRG's facility. Thus, SRG argues, because plaintiff's Count II was that SRG was negligent by "requiring employees, contractors, and other individuals . . . to remain and continue working on the premises," Count II necessarily implicates LynnCo, who SRG says had control over plaintiff.

SRG then states that if SRG is found to be negligent as to the issue of whether plaintiff should have been present on the date of injury, a jury will also have to assess whether LynnCo shares some of that negligence. This Court has already determined that, with respect to Count I, SRG was not negligent in its failure to remove the ice from its parking lot.

As to plaintiff Wilson's Count II, plaintiff did not allege that LynnCo had been negligent. The LynnCo Agreement's indemnification provision states that LynnCo shall indemnify SRG

8

against "any claims...threatened by or awarded to any party arising out of...injury as a result of the intentional or negligent acts or omissions" of LynnCo. Although the plaintiff's complaint does allege that *SRG* was negligent by requiring plaintiff, among others, to be on the premises following the ice storm, the complaint does not allege that LynnCo was in any way negligent. Indeed, it specifically states that it was SRG, not LynnCo, who required individuals to be on the premises that day. Furthermore, there is no question that if anyone was responsible for plaintiff's appearance at the SRG facility that day, it was SRG, not LynnCo. SRG's witness testified that she contacts LynnCo for expedited shipping requests, and the delivery for which plaintiff Wilson was present that day was not an expedited request; LynnCo was therefore not involved with plaintiff Wilson's particular shipment on that day.

Finally, SRG states in its response memorandum that the "thrust" of its claim is that "*should* SRG be found negligent on some form of control theory, as set out in Count II of the Petition, then Lynnco shares some of that negligence, along with the other Third-Party Defendant R&M." (Emphasis in original.) This Court held in its October 13 Memorandum (#77) that

> The undisputed facts are, however, that the SRG plant was closed on that day, no one from SRG could compel plaintiff to come to SRG's facilities, and plaintiff himself ultimately made the decision to come to SRG on that day. Plaintiff does not make any effort to contend otherwise. Thus, plaintiff's claim fails, and summary judgment will be granted to defendant SRG.

This Court has already held that SRG was *not* negligent; therefore, by SRG's own argument, LynnCo's own negligence is no longer in question. To the extent that SRG argues that LynnCo was negligent in some other way not set out in plaintiff Wilson's complaint, there is no factual basis to support that any "intentional or negligent acts or omissions" attributable to LynnCo existed in the underlying action. Thus, there could be no basis for any obligation to indemnify. As a result, summary judgment will be granted to LynnCo.

9

### C. R&M's Motion for Summary Judgment

The Broker Agreement to which R&M and LynnCo are parties, and to which SRG is a third-party beneficiary, provides that R&M

> shall defend, indemnify and hold [LynnCo] and its shipper customer [SRG] harmless from any claims, actions or damages arising out of its performance under the terms of this Agreement, including cargo loss and damage, theft, delay, damage to property and personal injury or death...

R&M's arguments for summary judgment differ from those made by LynnCo. R&M argues that (1) the Broker Agreement is not valid because it was a contract of adhesion, (2) the indemnification provision is unenforceable because it is unconscionable, and (3) even if the contract were valid, plaintiff Wilson's accident did not arise out of R&M's performance under the Broker Agreement, so the indemnification provision does not apply. Because the Court will grant R&M's motion based on R&M's second argument, the Court need not address R&M's other arguments.

R&M argues that to the extent that the indemnification provision is read to provide indemnification for SRG's own negligence, that the provision is unconscionable and unenforceable. The provision states that R&M will indemnify SRG for "any claims, actions or damages arising out of its performance," apparently regardless of who may be at fault.

Oklahoma law "strictly construe[s] an agreement which would have the result of indemnifying one against his own negligence, but where the intention to do so is unequivocally clear from an examination of the contract, such an agreement is enforceable." *Fretwell*, 764 P.2d at 152-53. In *Fretwell*, the Oklahoma Supreme Court upheld a contract that provided for indemnification of a security alarm company. In that case, the alarm company provided monitoring services for its client, and the client agreed to "indemnify, defend and hold [alarm company] harmless from any and all claims and lawsuits including the payment of all damages,

10

expenses, costs and attorneys fees *whether these claims be based upon ... negligence ... on the part of [alarm company]*, its agents, servants or employees." *Id.* at 152 (emphasis added). The plaintiff argued that the indemnity clause was unenforceable because it indemnifies the alarm company from its own negligence, but the Oklahoma Supreme Court disagreed. That court stated that "it is now the prevailing rule that a contract may validly provide for the indemnification of one against, or relieve him from liability for, his own future acts of negligence provided the indemnity against such negligence is made unequivocally clear in the contract." *Id.* (quoting 41 Am. Jur. 2d Indemnity § 9 (1968)). An examination of the contract between the plaintiff and the alarm company in that case "clearly expresses an intention that the [alarm company] be indemnified from its own negligence, and we find this agreement to be enforceable." 764 P.2d at 153. *See also Otis Elevator Co. v. Midland Red Oak Realty, Inc.*, 483 F.3d 1095, 1103-4 (10th Cir. 2007) (applying Oklahoma law and upholding indemnity provision that covered indemnitee's own negligence where the provision allowed for indemnification of claims "caused by the negligence of [indemnitee]").

In contrast, courts applying Oklahoma law have held that an indemnitee's own negligence is not covered by an indemnification provision that does not contain the "broad and comprehensive language relating to exculpation from negligence which Oklahoma law requires." *Transpower Constructors, a Div. of Harrison Intern. Corp. v. Grand River Dam Auth.*, 905 F.2d 1413, 1421 (10th Cir. 1990) (applying Oklahoma law and citing *Standard Ins. Co. v. Ashland Oil & Refining Co.*, 186 F.2d 44, 46-47 (10th Cir. 1950)); *see also Sinclair Oil & Gas Co. v. Brown*, 333 F.2d 967, 968-69 (10th Cir.1964), cited by *Transpower*, 905 F.2d at 1421 (refusing to enforce as an indemnification provision a clause which provided, "Contractor ... agrees ... to hold

[Sinclair] harmless from any and all liability for damages to the person ... of any and all persons resulting from the operation of Contractor hereunder").

Unlike the *Fretwell* indemnification provision, which specifically stated that "claims . . . based upon . . . negligence . . . on the part of" the alarm company were to be indemnified, the Broker Agreement's indemnification provision does not specifically state that SRG's negligence was to be indemnified. Neither plaintiff Wilson nor SRG have claimed that *R&M* committed any negligent act or omission. Rather, SRG clearly seeks to hold R&M responsible for a claim of negligence against SRG. Because the Broker Agreement's indemnification provision does not specifically permit indemnification for SRG's own negligence, R&M did not breach its contract when it declined to defend and indemnify SRG for plaintiff Wilson's claim.[4] Summary judgment will therefore be granted to third-party defendant R&M.

## IV. Conclusion

The Court's order granting summary judgment to SRG, and against plaintiff Glenn Wilson, will stand. Third-party defendants R&M and LynnCo's motions for summary judgment will be granted, thus no issues remain for trial in this matter.

Dated this __8th__ day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The Court is mindful that it addressed a similar argument raised in R&M's motion to dismiss. There, R&M argued that the indemnification provision did not apply in the case of SRG's own negligence based on this contract term: "Neither Party shall be liable to the other for any claims, actions or damages due to the negligence of the other Party, or the shipper." As the Court held, that contract term limits liability between R&M and LynnCo (the parties to the agreement) for the negligence of R&M, LynnCo, or SRG (the shipper) — it did not address R&M's liability for a third party's negligence claims. (*See* #51.) Notably, R&M's motion to dismiss did not raise the argument that it raises here: that the indemnification provision could not apply in this case because Oklahoma courts strictly construe agreements to indemnify a party against its own negligence.